■ In the Matter of the Claim of JOSEPH COLUZZI, Respondent, v. RITTER COMPANY INC., et al., Respondents, and SPECIAL DISABILITY FUND, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— HAMM, J. Appeal by the Special Disability Fund under subdivision 8 of section 15 of the Workmen's Compensation Law from a decision imposing liability. The claimant was injured on October 28, 1957, and was awarded compensation. He returned to and continued in his employment by the same employer. He sustained a second injury on June 20, 1960. Initially the Referee found that this claim came within the provisions of subdivision 8 of section 15. On the Fund's application for review the board reversed the Referee's decision and restored the case to the calendar for further development of the record on the question of "employer's knowledge and opinion concerning claimant's prior physical impairment." At the subsequent hearing the carrier called three witnesses. Two of the witnesses testified that they knew that the claimant after the first accident wore a back brace while at work. The third witness was the employer's personnel director. His evidence must be considered as a whole and some of it is required to be examined verbatim. He stated: " A man at the age of 64, who has suffered a back injury some three years prior to attaining the age of 64, can very easily carry symptoms and continue to complain about a back injury and I have a strong feeling that not all of his complaints were meaningless concerning his back in relationship to the weights he was lifting on a hydraulic jack, the forward pushing required to get them off and on the elevator and the size of the loads of disassembled parts, I think it was a difficult job for a man in his position." After testimony as to the claimant's request for lighter work and the rule which prevented compliance with such request the following additional testimony appears in the record: " Mr. Zaluski: Let him assume all those facts, the first aid visits, conversations requesting lighter work and also the company policy which he just explained. On the basis of those facts, Mr. Howitt, can you tell us whether you considered Mr. Coluzzi, a physically and permanently handicapped or disabled employee prior to his accident of June 1960? Mr. Mann: I am going to object to the question unless you make it clear you mean permanent total? Referee: All right he may answer. Witness: In my opinion there was a discomfort and a cause which continued after the 1957 injury resulting in Mr. Coluzzi's visit to my office; therefore, I would think his discomfort, caused by the injury of 1957, in a lay opinion could be considered permanent." On cross-examination the personnel director sought to qualify his answer by saying: " I did not look upon him as permanent at that time; it manifested itself by a later accident ". The Referee later inquired of the same witness whether the personnel file contained copies of medical reports submitted by various examining physicians and the witness replied affirmatively. In a report dated January 29, 1958, the claimant's attending physician stated: " I feel that this patient can continue to work in a limited capacity. It is questionable, however, whether he shall ever return to work which requires heavy lifting or excessive bending." In a report of June 2, 1958, he further stated: " I do not feel that he should engage in any work which requires excessive bending or lifting." In a report of medical examination sworn to February 8, 1960, a

Workmen's Compensation Board medical examiner reported: " The claimant has a permanent mild to moderate partial disability, due to the condition of the back." With reference to this report only the witness stated that he did not get a copy of the report to the best of his knowledge. In view, however, of his prior testimony that the personnel file did contain copies of medical reports the board could construe his answer to mean he did not personally receive the report of February 8. We think that the record provides a reasonable basis and substantial evidence for a finding that the employer had knowledge of the claimant's permanent physical impairment which was likely to be an obstacle to employment and that the record further provides a reasonable basis for an inference by the board that by continuing the claimant in employment the employer made an informed judgment. Decision affirmed, with costs. Gibson, P. J., Herlihy, Reynolds and Aulisi, JJ., concur.